IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD ROBINSON                                                                                      PLAINTIFF

Case No. 6:16-CV-06036-SOH-BAB

MAJOR P. ARNOLD, *et. al.*                                                                        DEFENDANTS

**REPORT AND RECOMMENDATION**

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on April 22, 2016. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

Plaintiff is currently incarcerated in the Arkansas Department of Correction (ADC) Ouachita River Unit. Plaintiff alleges his constitutional rights under the Arkansas Constitution and Arkansas Code are being violated because he is required to wear a spit-mask and restraints when he receives his kidney dialysis treatment. ECF No. 1, pp. 5-6. Plaintiff admits to a "spitting attack on dialysis staff" on November 26, 2014. ECF No. 1, p. 5. He alleges he has not spit on anyone in one year and six months. ECF No. 1, p. 10. He further alleges he has one hand free during dialysis, so he can lift

or pull off the mask if he so chooses. ECF No. 1, p. 6. Plaintiff asserts he was punished for his spitting infraction with thirty days of punitive isolation after a disciplinary hearing. ECF No. 1, p. 5. He alleges the continued requirement that he wear the spit mask and restraints to receive dialysis is in place solely to embarrass, humiliate, harass, and intentionally inflict emotional distress, and was applied with no further due process after his disciplinary hearing. ECF No. 1, p. 9. Plaintiff asserts that making him wear a spit mask and restraints to receive dialysis violates the Arkansas Constitution prohibitions against individual liberties, double jeopardy, limitations on penalties, and fundamental rights to life, liberty and property. Plaintiff further asserts the practice violates his right to be free from false detention pursuant to Arkansas Code sections 5-11-103[1] and 5-11-104.[2] ECF No. 1, p. 5.

Plaintiff does not indicate if he is proceeding against Defendants in their official or personal capacity. Plaintiff seeks punitive damages, declaratory damages, a jury trial, and any other relief the Court deems necessary. Plaintiff also seeks to prevent this practice of restraint from "being used" on him, which appears to be a request for injunctive relief. ECF No. 1, p. 11.

The Court notes Plaintiff brought a case for violation of his federal constitutional rights in *Robinson v. Davis*, case number 6:15-cv-06036. Plaintiff's claims in this case were almost identical to the claims raised in this case, namely that he was being forced to wear a spit mask and restraints in order to receive dialysis. Plaintiff's claims in case number 6:15-cv-06036 were dismissed at screening, with the exception of his claim that a dialysis nurse refused him dialysis after he was fully masked and restrained.

---

[1] Ark. Code. Ann. § 5-11-103 defines the state crime of first degree false imprisonment.
[2] Ark. Code. Ann. § 5-11-104 defines the state crime of second degree false imprisonment.

**2. Applicable Law**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**3. Discussion**

As a preliminary matter, the Court notes that Plaintiff submitted his Complaint on a form which lists the intended Court as the Arkansas Circuit Court of Hot Springs, and indicates jurisdiction is based on Ark. Code. Ann. §§ 16-123-101, et seq. His application for IFP status was, however, completed on a form for the United States District Court. Because his Complaint was filed with this Court and used a federal IFP form, the Court will assume Plaintiff was unable to obtain the approved Complaint form for this District and substituted a state form instead.

Plaintiff asserts that the continued requirement that he wear a spit mask and restraints in order to receive dialysis violates his state constitutional rights, as well as state statutes criminalizing false imprisonment. Section 1983 protects rights arising out of the United States Constitution or federal law. "[A] violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." *Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993). "Just as medical malpractice does not become a constitutional violation merely because the victim is a prisoner, false imprisonment

3

does not become a violation of the Fourteenth Amendment merely because the defendant is a state official." *Baker v. McCollan*, 443 U.S. 137, 146 (1979) (internal quotations and citations omitted).

Prolonged detention after a prison sentence has been served, or in violation of a court's release order, can violate a detainee's due process liberty interests. *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009) (citing *Davis v. Hall*, 375 F.3d 703 (8th Cir. 2004). This interest, however, arises when a prisoner is prevented from being released into the free world at the end of a sentence or upon a clear court order directing that the prisoner be released. The Court can find no precedent holding that the use of a spit mask and mild restraints to receive dialysis while still in custody violates this liberty interest.

Nor can any of Plaintiff's allegations be construed as valid claims for violation of federal law or the United States Constitution. Plaintiff's admission that he conducted a "spitting attack" on his dialysis staff makes it clear that the use of a spit mask and restraints was imposed to prevent recurrence of such an incident. It is not the role of this Court to second-guess the judgment of prison administrators on issues of prison management unless a facially valid constitutional claim is raised. *Iron Eyes v. Henry*, 907 F.2d 810, 812 (8th Cir. 1990). To the extent his allegations can be construed as one for excessive force in violation of the Eighth Amendment, Plaintiff has not raised a facially valid claim. In an excessive force case, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Plaintiff's own allegations make clear that this force is applied in an effort to maintain discipline, and he will only have a cause of action if that effort is not taken in good faith, but is instead maliciously and sadistically intended to cause harm. On this issue, Plaintiff does not meet his § 1915(e)(2) burden. While he has alleged no facts giving rise to even an inference of malicious conduct, if the Court assumes he alleges some malicious act in the continuing

4

use of the spit mask and physical restraints, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9–10 (internal quotations omitted). The continued use of a spit mask and physical restraints for the duration of dialysis sessions only, against a prisoner who previously conducted a "spitting attack" on his dialysis staff, cannot be said to be repugnant to the conscience of mankind. Therefore, there is no facially valid constitutional claim here, but only a dispute on an issue of prison management. Plaintiff has failed to state a cognizable claim for excessive force.

Finally, Plaintiff alleges the continued use of the spit mask and restraints for dialysis are done to humiliate and intentionally inflict emotional distress. "[I]ntentional infliction of emotional distress, by itself, cannot amount to a constitutional violation." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 678 (6th Cir. 2005). This claim is therefore, a state tort claim, if it states a claim at all. Because Plaintiff has not alleged any claims over which this Court has original jurisdiction, the appropriate course of action is to decline supplemental jurisdiction pursuant to 28 USCA 1367(3).

**4. Conclusion**

For the foregoing reasons, I recommend that Plaintiff's claims against all Defendants be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). I further recommend the dismissal of this action be considered a "strike" under 28 U.S.C. § 1915(g), and the clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **DATED this 7th day of December 2016.**

                                          /s/  Barry A. Bryant_____
                                          HON. BARRY A. BRYANT
                                          UNITED STATES MAGISTRATE JUDGE